the action favorably to the plaintiff, or the invalidity of the execution or the judgment upon which it was issued.

The interlocutory judgment should be reversed, and the demurrer sustained, with leave to the plaintiff to plead over upon the usual terms.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint upon payment of costs within 20 days.   All concur.

---

(117 App. Div. 240)

## In re HEARST.

(Supreme Court, Appellate Division, First Department.   January 11, 1907.)

ELECTIONS—PRESERVATION AND DISPOSITION OF BALLOTS.

Election Law, Laws 1896, p. 963, c. 909, § 111, provides that after the ballots have been counted and replaced in the boxes as required by law they shall be preserved for six months after the election, when they may be disposed of in the discretion of the board having charge of them.   The duty of providing ballot boxes for the reception of ballots at an election in the city of New York devolves on the board of elections.   The defeated candidate at the election for the office of mayor of New York City at the election held in 1905 made application to the Attorney General for leave to bring an action in the nature of quo warranto to try title to the office, which proceeding was pending when the period of six months prescribed by the statute was about to expire, and thereupon it was ordered, upon a stipulation of the Attorney General, the corporation counsel, and the applicant, that the board of elections preserve the ballots cast at such election in the boxes in which they then were until further order of the court on notice to the applicant.   The application was denied in time so that the ballot boxes could have been used at the general election in 1906.   The board of elections made no application to be relieved from the order, and other ballot boxes were provided by the board of elections for the election of 1906.   *Held*, that after the election of 1906 there was no ground for vacating, on the motion of the successful candidate at the election of 1905, the order requiring the preservation of the ballots.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 231.]

Appeal from Special Term, New York County.

In the matter of the application of William Randolph Hearst to Julius M. Mayer, Attorney General of the state of New York, for leave to institute an action in the nature of quo warranto against George B. McClellan to try title to the office of mayor of the city of New York by virtue of an election held November 7, 1905.   Appeal by George B. McClellan from an order denying his motion to vacate an order directing the board of elections of the city of New York to preserve until the further order of the court ballots cast at such election in the boxes in which the same then were.   Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Arthur C. Butts, for appellant.

Clarence J. Shearn, for respondent.

LAUGHLIN, J.   The duty of providing ballot boxes for the reception of ballots at any election devolves in the city of Greater New

York upon the board of elections; and to the end that the ballots may be preserved a reasonable time as evidence in a proper action or proceeding, and at the same time that the ballot boxes may be available for use at future elections, the Legislature provided, in section 111 of the election law (Laws 1896, p. 963, c. 909), that, after the ballots have been counted and replaced in the boxes as provided by law, "they shall be preserved inviolate for six months" after the election, and may be opened and their contents examined upon the order of the Supreme Court, or a justice thereof, or a county judge of the county, "and at the expiration of such time, the ballots may be disposed of in the discretion of the officer or board having charge of them." It appears that the appellant and respondent were both candidates for the office of mayor of Greater New York at the general election held in the year 1905, and that the appellant received the certificate of election. It was claimed by the respondent that there was fraud or error in the canvass, and he sought to obtain a recount of the ballots, which it was decided was not authorized under the existing law. Matter of Hearst, 110 App. Div. 346, 96 N. Y. Supp. 341; Id., 183 N. Y. 274, 76 N. E. 28. An effort was then made by the respondent to have the Legislature pass a retroactive act authorizing a recount of the ballots. A bill designed to accomplish this purpose was duly introduced, referred to the appropriate committee of the respective houses of the Legislature, and favorably reported, but it failed to pass. About this time an application was made to the Attorney General for leave to bring an action in the nature of a quo warranto proceeding to try the title to the office of mayor by virtue of said election. This proceeding was pending when the period of six months prescribed by the statute as the time during which the ballot boxes containing the ballots must be preserved by the board of elections was about to expire; and the stipulation upon which the order was entered was doubtless made with a view to preserving the ballots for use as evidence, in the event that the application should be granted.

The application to the Attorney General in this proceeding for leave to bring the action was denied in time so that the ballot boxes could have been used at the general election in 1906. Had the board of elections then applied to vacate the order, to the end that the ballots might be destroyed and the boxes rendered available for use at the impending election, perhaps there would have been no good ground for denying the motion. The board, however, made no application to be relieved from the order. The application was made by the appellant, who had no duty to perform with respect to preserving or destroying the ballots, or with respect to furnishing ballot boxes for use at elections. The motion was denied on the 14th day of September, 1906, and the appeal was taken a few days later; but it was not brought to argument until the 21st day of December, 1906, and after the general election of 1906, for which it is conceded other ballot boxes were provided by the board of elections. The order indicates that the court, in denying the motion, was influenced by the offer of the applicant to provide ballot boxes for the ensuing election at his own

expense, because his doing so was made a condition of denying the motion. Manifestly this consideration should not have entered into the judicial decision of the motion. If the Legislature made no further provision for the preservation of the ballots, and conferred no authority upon the board of elections to provide other ballot boxes, it would seem that the boxes legally provided should have been rendered available for use; and if the purchase of new ballot boxes was authorized, and the court in its discretion saw fit to preserve the ballots longer, that should have been done at the public expense. But, now that the general election of 1906 is over, it does not appear that any special election will be held, or that the ballot boxes will be needed until the general election of 1907, and it is not claimed that even for that election the ballot boxes used in 1905 will be required, for the reason that a duplicate set has been procured. Although the time within which the board is required by law to preserve the ballots has long since expired, it does not appear that there is any public necessity at present for vacating the order requiring that the ballots be preserved.

Two reasons are assigned in behalf of the appellant as grounds for reversal of the order. One is that the application to recount the ballots may be renewed to the coming Legislature, and the other is that the application for leave to bring an action in the nature of quo warranto may be renewed to the newly elected Attorney General. Without expressing any opinion on the question as to the power or authority of the Legislature to pass a retroactive statute authorizing a recount of the ballots, or of the propriety of so doing, or of the propriety of an application to the successor of the Attorney General who denied the application for leave to bring a quo warranto proceeding, or of the authority of such successor to entertain the same, or as to the competency of the ballots as evidence where no action or proceeding has been begun or instituted within the period during which they are required by statute to be preserved, we are of opinion that the court should neither direct nor authorize the destruction of the ballots at the present time. There being no public necessity for the use of the ballot boxes in the immediate future, the ballots, which might be competent evidence and essential to a recanvass of the votes, or to a trial of the title to the office, should either proceeding or action be lawfully and constitutionally authorized, should not be destroyed at a time when the only ground assigned for so doing is to render futile any action that the Legislature or Attorney General may attempt to take. In any event, it is manifest that the application to be relieved from the order should have been made by the board of elections against whom it operates, and that board is at liberty at any time, and should, when public necessity for the use of the ballot boxes arises, apply to the court to have the order vacated.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.

102 N.Y.S.—4